UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KORY T. O'BRIEN,

      Plaintiff,

    v.

V. LOPEZ, et al.,

      Defendants.

No.  2:25-cv-1534 WBS AC

ORDER

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis will be granted.[1]

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The complaint alleges that defendants Lopez, Joseph, and an unspecified number of Doe defendants violated plaintiff's rights under the Eighth Amendment when he was subject to excessive force and his cane was taken away.  ECF No. 1.  Plaintiff alleges that after a verbal altercation with Lopez on December 21, 2024, Lopez ordered him to exit the dining hall and face the wall.  Id. at 5.  Plaintiff was escorted out of the dining hall by Lopez and Joseph, and several Doe defendants responded to Lopez's request for assistance.  Id.  After Lopez ordered plaintiff to put his hands on the wall, he informed her that he could only put his left hand on the wall because he was using his right hand to support himself with his cane.  Id. at 5-6.  Lopez ordered Doe 1 to

2

take plaintiff's cane, and while Doe 1 hesitated after plaintiff told him that he would fall if his cane was taken Doe 1 eventually took plaintiff's cane after multiple orders from Lopez, causing plaintiff to fall.  Id.  5-6, 10.  Once plaintiff was on the floor, Lopez put her knee into his lower back and handcuffed him behind his back, despite plaintiff telling her he had a medical order directing him to be cuffed with his hands in front of his body.  Id. at 6-7.  Lopez then applied the handcuffs so tightly that they cut plaintiff's left wrist and ignored plaintiff when he told her the handcuffs were too tight.  Id. at 7-8.  Joseph and the Doe defendants took no steps to intervene in Lopez's use of force.  Id. at 7.  After plaintiff was handcuffed, he was placed in a wheelchair and defendant Joseph pushed him to the triage and treatment area.  Id.  The wheelchair did not have a footrest and plaintiff's foot ended up being dragged along the ground because he suffers from drop foot and was unable to keep his foot from dropping and dragging on the ground.  Id. at 7-8.  Plaintiff alleges that he filed a timely notice of claim with the state and requests that the court take jurisdiction over any state law claims.  Id. at 11.

III.    Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated valid Eighth Amendment claims for excessive force against defendant Lopez and failure to protect against defendant Johnson and the Doe defendants based on their failure to stop Lopez.  He has also stated an excessive force claim against Doe 1 for forcibly taking his cane and causing him to fall.  Finally, plaintiff has stated a claim against Lopez and Doe 1 for deliberate indifference to his serious medical needs based on the confiscation of his cane.

IV.    Failure to State a Claim

However, the allegations in the complaint are not sufficient to state a claim for excessive force or failure to protect against Johnson based on Johnson allowing plaintiff's foot to drag while being escorted by wheelchair.  It is not clear that failing to address plaintiff's foot dragging on the ground constituted excessive force, caused plaintiff any injury, or otherwise constituted an excessive risk to plaintiff's safety.  Plaintiff also fails to state any claims for relief under state law.  Although plaintiff alleges he has complied with the California Government Claims Act, he has

3

not identified what state law claims he is seeking to bring.  It appears to the court that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

V.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately on his Eighth Amendment claims for excessive force and deliberate indifference against defendants Lopez and Doe 1 and failure to protect against defendant Johnson and the Doe defendants.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss any claims against Johnson based on allowing his foot to drag on the ground and any state law claims he may be attempting to bring.  The court will proceed to immediately serve the complaint and order a response from defendants Lopez and Johnson.[2]**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims for excessive force and deliberate indifference against Lopez and Doe 1 based on Lopez's use of force and the confiscation of your cane.  You have also stated a claim against Johnson and the Doe defendants based on their failure to intervene in the use of force.  You have not stated any claims against Johnson based on him allowing your foot to drag

_____

[2] Although plaintiff has stated claims for relief against the Doe defendants, due to the impossibility of serving unknown individuals, should plaintiff choose to proceed on the complaint as screened, the court will not order service on the Doe defendants until plaintiff has identified them and filed a motion to substitute named defendants for the Doe defendants.  Plaintiff should seek to discover the identity of the Doe defendants and move to substitute them into the case as soon as is possible.  Failure to identify the Doe defendants and serve them prior to the close of discovery will result in a recommendation that the claims against them be dismissed.

4

on the ground or any state law claims.

You have a choice to make.  You may either (1) proceed immediately on your excessive force and deliberate indifference claims against Lopez and Doe 1 and your failure to protect claim against Johnson and the Doe defendants and voluntarily dismiss the other claims or (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

VII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   Plaintiff has not stated any claims for which relief can be granted against defendant Johnson based on allowing his foot to drag and under state law.

4.   Plaintiff has the option to proceed immediately on his excessive force and deliberate indifference claims against defendants Lopez and Doe 1 and failure to protect claim against defendant Johnson and the Doe defendants as set forth in Section III above, or to file an amended complaint.

5.   Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.   If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all

////

////

////

claims against defendant Johnson based on allowing his foot to drag and all potential state law claims.

DATED: April 30, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KORY T. O'BRIEN,                               No.  2:25-cv-1534 WBS AC P

              Plaintiff,

       v.                                      NOTICE OF ELECTION

V. LOPEZ, et al.,

              Defendants.

       Check one:

_____ Plaintiff wants to proceed immediately on his excessive force and deliberate indifference claims against defendants Lopez and Doe 1 and failure to protect claim against defendant Johnson and the Doe defendants without amending the complaint.  Plaintiff understands that by choosing this option, all claims against defendant Johnson based on allowing his foot to drag and all potential state law claims will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                              _____
                                              Kory T. O'Brien
                                              Plaintiff pro se

                                              1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A.    Excessive Force

"[T]he Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, the court looks to "[1] the extent of

1

injury suffered by an inmate," as well as "[2] the need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321).  While a *de minimis* use of force does not violate the Eighth Amendment, a plaintiff does not have to suffer a serious injury to state a claim for relief. Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

### B.     Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety."  Id. at 837.  He must then fail to take reasonable measures to lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

### C.     Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).  A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to

2

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

D.      Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery and 2) filed a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at *8-9 (E.D. Cal. July 2, 2012); Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010).  Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983.  This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

E.      State Law Claims

To state a viable state law claim against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act.  See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").  This requirement applies in federal court.  See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).